UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21704-CIV-UNGARO/GOODMAN

HARSH SHARMA,

    Plaintiff,

vs.

UNITED STATES ATTORNEY GENERAL, *et al.*

    Defendants.
_____/

## ORDER REQUIRING SECOND AMENDED COMPLAINT

This matter is before the Court upon review of the Plaintiff's Amended Complaint (DE# 35), filed October 6, 2010. The Amended Complaint states that the Defendants violated the Freedom of Information Act.

The Amended Complaint was filed pursuant to the Court's order of September 13, 2010 (DE# 32). In that Order, the Court stated that although the Complaint identified 12 Defendants, many of whom have already been served at public expense, the Complaint did not provide adequate information regarding what each Defendant did to the Plaintiff. Specifically, the Court instructed the Plaintiff that:

> 3. The amended complaint must contain a separately-numbered claim as to each defendant, explaining what that defendant did and the supporting facts to show why that person is being sued. This claim should include:
>
>     (a) a short, concise description of the claim,
>
>     (b) the factual basis for the claim,
>
>     (c) why the conduct of the Defendant was a violation of the law, and
>
>     (d) the specific relief the Plaintiff seeks from each Defendant and for each claim, and
>
>     (e) the basis for the Court's subject matter jurisdiction.

4. The amended complaint must include all allegations against every defendant and must state all relief which is sought; it cannot just add to the original complaint or incorporate previous filings by reference. This is because the amended complaint will become the only active complaint in the case. Nothing in the original complaint will be considered after the amended complaint is filed.

5. The Plaintiff is cautioned that failure to comply with this Order may result in the imposition of sanctions, including the likely dismissal of this case.

The Plaintiff's Amended Complaint does not conform to the Court's instructions. Although the Plaintiff has individually numbered and named each Defendant, he has not alleged what each Defendant did to him to warrant this lawsuit, he has not alleged a factual background for each Defendant, and he has not alleged the specific relief he seeks from each Defendant. As such, is it not possible for the Court, much less the Defendants themselves, to sufficiently ascertain why they are being sued, and the Amended Complaint fails to meet the pleading requirements set forth by the Federal Rules of Civil Procedure.

Additionally, the Amended Complaint appears to have enlarged the number of Defendants from 12 to 21. When, as here, the plaintiff makes overbroad and blanket allegations against numerous, undifferentiated defendants, the court cannot draw a reasonable inference that the defendants are liable. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Under Federal Rule of Civil Procedure 8(a) the Plaintiff must provide "a short and plain statement . . . showing that [he] is entitled to relief." He cannot do so, however, by clumping defendants together under a broad allegation that he sent numerous Freedom of Information Act requests to the 21 listed defendants.

Instead, the Plaintiff must state ***separately and for each defendant*** (1) the approximate dates on which the Plaintiff's requests were made, (2) the content of the individual requests (in other words, the *information or documents which the Plaintiff sought*), and (3) the outcome of the request. Otherwise, it is not possible to determine

what information the Plaintiff is seeking and the Defendants cannot reasonably defend against or comply with the Plaintiff's requests.

Because the Plaintiff's Amended Complaint is clearly inadequate, the Court will permit the Plaintiff an additional chance to file a complaint that conforms to the Court's previous order and the pleading standards required in federal court by pro se parties.

Therefore, on or before **October 25, 2010,** the Plaintiff shall file a Second Amended Complaint. The Second Amended Complaint shall comply with the Order Requiring Amended Complaint (DE# 32) and the additional guidance provided by this order. If the Plaintiff's Second Amended Complaint does not conform to the Court's instructions, or if the Plaintiff fails to file a Second Amended Complaint, the Court will recommend dismissal of this action.

DONE AND ORDERED in Chambers, at Miami, Florida, this 7th day of October, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record

Harsh Sharma, **pro se**
Reg. No. 34507-018
FCI Jesup
Inmate mail/parcels
2600 Hwy 301 South
Jesup, GA 31599